IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cr. No. 21-mj-209 |
| | ) |
| **LAWRENCE RUDOLPH** | ) |
| | ) |
| Defendant. | ) |

### MOTION FOR ENTRY OF UNOPPOSED PROTECTIVE ORDER

Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the United States hereby moves this Court for the entry of the attached protective order regulating the use, dissemination, and disposition of certain discovery material in the above-captioned case, and states as follows in support thereof:

1. On December 23, 2021, the defendant had his initial appearance following his arrest on a superseding complaint charging him with mail fraud in violation of 18 U.S.C. § 1341 and 18 U.S.C. §§ 1119 and 1111.

2. The government would like to provide discovery to the defendant prior to indictment in this matter. Those materials include detailed statements from potential witnesses, audio-recordings of those interviews and expert reports and supporting materials.(hereinafter "Protected Discovery Material").

3. The Protected Discovery Material contains information from witnesses that relate to an investigation that remains ongoing.

4.     To expedite the exchange of discovery material between the parties, the United States seeks to disclose the Protected Discovery Material to the Defendant pursuant to the unopposed protective order ("the Protective Order").

5.     Rule 16(d)(1) of the Federal Rules of Criminal Procedure, entitled "Protective and Modifying Orders," authorizes this Court to "deny, restrict, or defer discovery or inspection, or grant other appropriate relief" upon a showing of good cause.

6.     Here, there is good cause for this Court to restrict the Defendant's use, dissemination and disposition of the Protected Discovery Material according to the terms set forth in the Protective Order because it will expedite the flow of discovery, allowing defense counsel access to information important to preparing the defense while also preventing that material from being distributed in a way protects the security and privacy of witnesses, as well as anything that might influence another's recollection or otherwise interfere with the government's ongoing efforts to obtain objective information bearing on its evaluation of the conduct at issue.

7.     I have conferred with counsel for the defendant, and the defendant does not object to the entry of the Protective Order.

8.     For these reasons, the United States respectfully requests that this Court enter the limitations on the Defendant's use, dissemination and disposition of

the Protected Discovery Material set forth in the proposed protective order that is attached to this motion.

Respectfully submitted,

COLE FINEGAN
United States Attorney

By: */s Bryan Fields*
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By: *Garreth Winstead*
Garreth Winstead
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Garreth.Winstead@usdoj.gov
Attorney for the Government

3