IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cr. No. 21-mj-209 |
| ) | |
| **LAWERENCE RUDOLPH** ) | |
| ) | |
| Defendant. ) | |

**PROTECTIVE ORDER**

Upon the Unopposed Motion for the Government pursuant to Federal Rule of Criminal Procedure 16(d)(1) ("the motion"), the Court finds that good cause has been established to enter a Protective Order concerning the use, dissemination and disposition of certain information that may be disclosed in the course of discovery proceedings in this case. The Court grants the motion and hereby ORDERS the following:

1. The term "Protected Discovery Material" means investigative reports (FBI FD-302s) of witness statements, audio recordings of interviews, expert reports, underlying materials reviewed by the relevant defendant and information contained in such materials.

2. <u>Use of Protected Discovery Material.</u>  Defendant and defense counsel shall only use the Protected Discovery Material to prepare a defense in this case, including investigation, pretrial hearings (including preliminary hearing and detention hearing), trial preparation, trial, sentencing, and appeal. The Protected

Discovery Material shall not be used for any other purpose, or in connection with any other proceeding, without further order of this Court.

3. <u>Access to Protected Discovery Material.</u> Defense counsel shall not disclose the Protected Discovery Material to any person or entity other than Defendant, agents of defense counsel who are directly assisting in the representation of Defendant (including any office staff of defense counsel), any expert witnesses retained by Defendant, any investigators retained by Defendant, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons").

4. <u>Limits on Disclosure</u>. Authorized persons who review or retain Protected Discovery Material in the manner described above must ensure that the Protected Discovery Material, any necessary copies, or their contents thereof, are not relinquished or disseminated, physically or electronically, to any non-authorized person without further order of the Court.

5. <u>Notice of Protective Order.</u> Defense counsel will inform all authorized persons having access to the Protected Discovery Material of the contents of this Protective Order, and its terms will be binding upon those persons.

6. <u>Leave of Court.</u> Defense counsel will obtain leave of the Court before disseminating Protected Discovery Material to anyone other than authorized persons.

7. <u>Control of Protected Discovery Material.</u> Defense counsel, including staff, paralegals, legal assistants, and secretaries, shall remain in control of the

Protected Discovery Material, including any copies thereof, until the final resolution of this case.

8. <u>Copies.</u>  Protected Discovery Material shall only be copied by defense counsel, including office staff and agents of defense counsel, and any expert witnesses retained by the Defendant, to the extent necessary to prepare the defense of the case.  Potential witnesses and their counsel, and Defendant, may be shown copies of the materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court.

9. <u>Storage of Protected Discovery Material.</u>  The Protected Discovery Material is to be stored in a manner that protects it from unauthorized disclosure.

10. <u>Additional Representatives.</u>  Any counsel of record who is retained or appointed to represent Defendant, or who is later relieved of representation of Defendant, is bound by the terms of this Order unless excused from its terms by Court Order.

11. <u>Resolution of Case.</u>  Upon resolution of all stages of this case, defense counsel shall destroy or return to the United States the Protected Discovery Material and all copies made thereof, and certify the disposition of any such materials to the Court and the United States.  The obligations imposed by this Protective Order survive the final resolution of this case, and the Court shall retain jurisdiction after such final determination for the limited purpose of enforcing the provisions of this Protective Order until and unless the Court decides otherwise.

12. Copies of the Protected Discovery Material filed with the Court must be filed under an appropriate level of restriction to retain the confidential nature of the materials unless consent to filing in the public record is obtained from an attorney for the Government or by leave of Court.

13. <u>Judicial Proceedings.</u> The restrictions set forth in this Protective Order do not apply to documents once they have become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of Protected Discovery Material in judicial proceedings in this case.

14. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

Entered this _____ day of December, 2021

_____
HON. SCOTT T. VARHOLAK
United States Magistrate Judge
District of Colorado